UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY SOULES,<br>　　Plaintiff,<br><br>　　v.<br><br>STATE OF CONNECTICUT, et al.,<br>　　Defendants. | CIVIL ACTION NO.<br>3:16-cv-00703 (VLB)<br><br>December 7, 2016 |

## RULING AND ORDER

　　The Court, *sua sponte*, raises the issue of *res judicata* as to *Soules v. State of Connecticut, et al.*, 16-cv-703 (VLB) ("*Soules II*"), filed by Gary Soules ("Soules") against the State of Connecticut ("State"), the Department of Emergency Services and Public Protection ("State Police"), and the Town of Oxford ("Town") (collectively, "Defendants"). In the absence of a motion to dismiss on *res judicata* grounds, a court may dismiss a case *sua sponte*. *Rollock v. LaBarbera*, 383 F. App'x 29, 30 (2d Cir. 2010) (citing *Scherer v. Equitable Life Assurance Soc. of U.S.*, 347 F.3d 394, 398 n. 4 (2d Cir. 2003) (acknowledging "a court is free to raise [a *res judicata*] defense *sua sponte*, even if the parties have seemingly waived it")). The Court hereby ORDERS that the federal claims be DISMISSED with prejudice on *res judicata* grounds and that the state claims be DISMISSED without prejudice as the Court elects not to exercise supplemental jurisdiction.

　　I.　**Procedural History**

　　On July 23, 2014, Soules filed a complaint against the State, the State Police, the Town, First Selectman George R. Temple ("Temple"), and State Police Officer

1

Daniel Semosky ("Semosky") (collectively "*Soules I* Defendants"). [Dkt. 1, *Soules v. State of Connecticut*, 14-cv-1045 (VLB) ("*Soules I*")]. In response to Defendants' Motions for More Definite Statement, [Dkts. 21-23], Soules filed an Amended Complaint on November 4, 2014, which alleged the following violations:

- **Federal Claims against all *Soules I* Defendants**: Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* (the "ADA"); the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* (the "Rehab Act"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the "ADEA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) ("Title VII");

- **State Claim against all *Soules I* Defendants**: Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 *et seq.* ("CFEPA"); the Uniformed Services Employment & Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.* ("USERRA"); Intentional Infliction of Emotional Distress (IIED);

- **Federal Claims against Semosky and Temple**: U.S. Constitution, Amen. I (Free Speech), Amend. V (Due Process), Amend. XIV (Equal Protection) pursuant to 42 U.S.C. § 1983;

- **Federal Claim against the Town**: Municipal Liability for constitutional violations pursuant to 42 U.S.C. § 1983.

[Dkt. 28]. Defendants filed their Motions to Dismiss on December 18, 2014, [Dkts. 33, 35], and Soules objected to these Motions on February 10, 2015. [Dkt. 40]. The Court granted Defendants' Motions to Dismiss on September 30, 2015, dismissing all claims with prejudice. [Dkt. 59]. The Court later amended its Order on November 3, 2016, to dismiss with prejudice all federal claims and dismiss without prejudice all state claims, in response to the mandate from the Second Circuit. [*See* Dkts. 68, 69].

Before the Court today is the second case brought by Soules, which is nearly identical to the first. *See Soules v. State of Connecticut*, 16-cv-703 (VLB) ("*Soules II*"). On May 9, 2016, Soules filed a complaint against three out of five of the

**Defendants from *Soules I*, leaving out Semosky and Temple, and Soules later amended his complaint on October 21, 2016. [Dkt. 27]. The Amended Complaint presents no new legal issues and is instead a more streamlined version of the Amended Complaint from *Soules I*, raising the following claims:**

- **<u>Federal Claims against all Defendants</u>: the ADA, 42 U.S.C. § 12111 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*; Title VII, 42 U.S.C. § 2000(e);**

- **<u>State Claim against all Defendants</u>: CFEPA, Conn. Gen. Stat. § 46a-60 *et seq.*;**

- **<u>State Claim against the Town of Oxford</u>: Intentional Infliction of Emotional Distress.**

[Dkt. 27]. On October 31, 2016, the Court ordered Soules to show cause as to why *Soules II* should not be dismissed on *res judicata* grounds given that *Soules I* was dismissed on the merits. [Dkt. 28]. Soules responded on November 20, 2016. [Dkt. 36].

**II.    Discussion**

"*Res judicata*, or claim preclusion, means that a party may not split causes of action that 'could be brought and resolved together.'" *Vandever v. Emmanuel*, 606 F. Supp. 2d 253, 254 (D. Conn. 2009) (quoting *Nestor v. Pratt & Whitney*, 466 F.3d 65, 70 (2d Cir. 2006)). "This doctrine means that once a case reaches a final judgment on the merits, the parties cannot later re-litigate the issues that were raised or could have been raised in that earlier case." *Id.*; *see also Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 110-11 (2d Cir. 2000) (stating it is well-established that "a plaintiff cannot avoid the effects of *res judicata* by 'splitting' his claim into various suits, based on different legal theories (with different evidence 'necessary' to each suit)"). "Whether or not the first judgment will have preclusive

3

effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983).

"A claim may be barred by *res judicata* if (1) the prior action involved an judgment on the merits; (2) . . . the previous action involved same parties or those in privity; and (3) . . . the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Robinson v. Purcell Constr. Corp.*, 647 F. App'x 29, 30 (2d Cir. 2016) (citing *Monahan v. New York City Dep't. of Corrections*, 214 F.3d 275, 285 (2d Cir. 2010)). The Second Circuit addresses the third element by evaluating whether the second suit involves "the same claim -or nucleus of operative facts- as the first suit" as determined by the following three indicia: "(1) whether the underlying facts are related in time, space, origin, or motivation; (2) whether the underlying facts form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties' expectations." *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 280 (2d Cir. 2008) (internal quotations omitted).

Here, there is no dispute as to the first two elements: the prior action involved a judgment on the merits and the same parties (excluding Semosky and Temple). As to the third element, Soules only argues that his employment termination was the result of his filing the federal lawsuit, and thus he could not have been brought this claim in the original suit. This argument is not supported by the Amended Complaint from *Soules II* for two reasons.

**First**, the employment termination was in fact raised in the initial action. Soules's employment was terminated on January 6, 2015, just nineteen days after Defendants filed their Motions to Dismiss and two days before Soules' response deadline. Soules filed a Motion for Extension of Time *nunc pro tunc* on January 9, 2015, which the court granted. [Dkts. 38, 39]. On February 10, 2015, Soules filed his Objection to Defendants' Motions to Dismiss, [Dkt. 40], and, to support various claims, raised with the Court the fact that his employment was terminated. For example, with respect to Soules's allegation that Defendants Semosky and Temple violated his substantive due process rights, he listed "a series of outrageous actions against the plaintiff, designed to break him and to deprive him of his constitutionally protected right to employment," and linked his recent termination to these acts in alleging that "after the filing of the Amended Complaint, the conduct of the defendants escalated, and defendants terminated the plaintiff." [Dkt. 40, at pp. 28-31]. Soules also argued that "in retaliation for the allegation that the defendants violated the USERRA, the defendants terminated the plaintiff's employment." *Id.* at p. 42. Thus, the third element is satisfied on its face because Soules addressed his employment termination in the initial suit.

**Second**, even if the Court were to find that the employment termination had not been raised in *Soules I*, Soules's argument should still be precluded by *res judicata*. It is irrelevant whether a plaintiff attempts to or succeeds at amending a complaint to include all potential claims in the initial action because the crux of the issue is whether the claims in the second action "arose from the same transaction or occurrence as those already litigated and decided." *See Robinson v. Purcell*

*Constr. Corp.*, 647 F. App'x at 31 (addressing this concept in regards to a plaintiff who was denied leave to amend to conform the pleadings to the proof). The *Soules II* Amended Complaint alleges that Soules was "subjected to an ongoing pattern of harassment, discrimination, hostility and disparate treatment based upon his disabilities or perceived disabilities, in retaliation for his protected complaints to and about the defendants," and that this conduct "continued and was ongoing until the termination of the plaintiff." [Dkt. 27 ¶¶ 61-62.] The Court finds that the *Soules II* Amended Complaint establishes the employment termination is "related in time, space, origin, or motivation" to the other allegations of discriminatory treatment already litigated in *Soules I*. Addressing employment termination with the other discrimination allegations would certainly form a "convenient trial unit" that "conforms to the parties' expectations." See *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275 at 280. Indeed, Defendants would likely raise the same issues cited in their *Soules I* Motions to Dismiss to defend against any *Soules II* claims. Therefore, Soules's claim that Defendants terminated his employment in retaliation for his federal lawsuit should be barred by *res judicata*.

In conclusion, the *Soules II* Amended Complaint is nearly identical to the *Soules I* Amended Complaint, as it appears the Plaintiff copy, pasted, and reorganized most of the factual allegations with the following three exceptions: (1) the Plaintiff chose not to include the two individual defendants in *Soules II*; (2) the Plaintiff reduced the number of counts from ten to four, but did not add any new counts; and (3) the Plaintiff added reference to his employment termination on January 6, 2015. Nothing in the *Soules II* Amended Complaint raises any issue

6

that was not or should not have been litigated in *Soules I*.  Given that Soules did not address any issues other than his employment termination in his Response to the Order to Show Cause, [Dkt. 36], the Court orders the ADA, Rehab Act, and Title VI claims in *Soules II* be DISMISSED with prejudice.  The Court declines to exercise supplemental jurisdiction over the CFEPA and IIED state law claims and orders that they be DISMISSED without prejudice.

        IT IS SO ORDERED.

        _____/s/_____
        Hon. Vanessa L. Bryant
        United States District Judge

Dated at Hartford, Connecticut: December 7, 2016